# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

LUVATA GRENADA, LLC                                                               PLAINTIFF

V.                                                          CIVIL ACTION NO. 4:14-CV-00074-SA-JMV

DANFOSS, LLC, and
DANFOSS INDUSTRIES S.A. de C.V.                                                DEFENDANTS

## **MEMORANDUM OPINION**

Plaintiff Luvata Grenada initiated this action against Danfoss, LLC ("Danfoss US") and Danfoss Industries S.A. de C.V. ("Danfoss Mexico"), alleging various contract and tort causes of action pursuant to the United Nations Convention for the International Sale of Goods ("CISG") and Mississippi law. Defendants have filed a Motion to Dismiss for Lack of Jurisdiction [12]. Upon consideration of the motion, responses, rules, and authorities, the Court finds as follows:

Facts and Procedural History

The present suit arises from a series of commercial transactions concerning the sale, manufacture, and shipment of allegedly defective products, known as refrigerant distributors ("RDs"), which are incorporated into coils used in the manufacture of heating and cooling systems.

The Defendants, Danfoss US and Danfoss Mexico, which are subsidiaries of a Danish entity Danfoss A/S, both manufacture and sell various products, including RDs. Danfoss Mexico is incorporated under Mexican law, maintains its principal place of business in Apodaca, Mexico, and is not registered to do business in Mississippi. Danfoss US is incorporated in Delaware, maintains its principal place of business in Baltimore, Maryland, and is registered

with the Mississippi Secretary of State to do business in Mississippi. Danfoss US additionally acts as a sales agent for other Danfoss entities.

Plaintiff Luvata Grenada LLC ("Luvata Grenada") is engaged in the manufacture of heat transfer products, including the aforementioned coils used in commercial heating and cooling units. Luvata Grenada is organized under Delaware law and operates solely in Grenada, Mississippi. Luvata Juárez S. de R.L. de C.V. ("Luvata Mexico"), an affiliate of Luvata Grenada, is incorporated in Mexico and maintains its principal place of business in Ciudad Juárez, Mexico. Luvata Mexico has not been named as a party to the instant proceedings.

In August 2012, Robert Martin, the material manager for Luvata Mexico, contacted Bruce Busby, a regional account manager for Danfoss US seeking to purchase a new type of RD. Busby provided a price and a drawing of the proposed RD design to Martin. Danfoss Mexico then manufactured and delivered several prototype RDs and delivered them to Luvata Mexico in Mexico free of charge.

From then until March 2013, a series of orders were placed with Danfoss Mexico for the RDs. The purchase orders appear on Luvata Grenada letterhead, but the buyers named on the orders are two employees of Luvata Mexico. The RDs were manufactured by Danfoss Mexico in Mexico and shipped to Luvata Mexico in Mexico, but Danfoss Mexico mailed invoices for the RDs to Luvata Grenada,[1] and Luvata Grenada asserts that it remitted payment for the RDs.

Luvata Grenada alleges that in March 2013, it received reports from its customer Thermo King that the heating and cooling units were failing and that, upon investigation, such failure was caused by improper design of the RDs manufactured by Danfoss Mexico. Luvata Grenada then

---

[1] According to a regional sales manager for Danfoss Mexico, Adrian Baez, the invoices were mailed to Luvata Grenada as instructed by Luvata Mexico so that Luvata Mexico could obtain a tax benefit under a Mexican program that provides incentive for exporting goods.

initiated this action against Danfoss Mexico and Danfoss US, alleging breach of contract, breach of warranties, negligent misrepresentation, and negligent design.[2] Luvata Grenada premises this Court's subject matter jurisdiction on 28 USC § 1331 and 28 USC § 1367. Defendants argue that the Court lacks subject matter jurisdiction over the case and alternately, that the Court lacks personal jurisdiction over Danfoss Mexico.

12(b)(1) and 12(b)(2) Standards of Review

When confronted with a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must ascertain whether it possesses "the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation and quotation omitted). In examining its jurisdiction, the Court is permitted to consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Clark v. Tarrant Cnty., 798 F.2d 736, 741 (5th Cir. 1986) (citation omitted). The burden of proof on a Rule 12(b)(1) motion lies with the party asserting jurisdiction. See Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1986).

Similarly, with regard to a challenge of personal jurisdiction under Rule 12(b)(2), "the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N'care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)). Importantly, however, "[t]he plaintiff need not . . . establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices." Id. In determining whether a *prima facie* showing of personal jurisdiction has been made, the Court

---

[2] Luvata Grenada has not indicated with specificity the defendant against whom each claim is made or the body of law under which each claim arises.

3

"must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." McFadin v. Gerber, 587 F.3d 753, 758 (5th Cir. 2009) (quoting Luv N'care,, 438 F.3d at 469).

## Discussion and Analysis

*Subject Matter Jurisdiction*

Luvata Grenada asserts that the Court possesses federal question jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, *or treaties* of the United States."[3] 28 U.S.C. § 1331 (emphasis added). Under Supreme Court and Fifth Circuit precedent, a claim "arises under" federal law for purposes of Section 1331 when a party has asserted a federal cause of action in its well-pleaded complaint. Venable v. La. Workers' Comp. Corp., 740 F.3d 937, 941 (5th Cir. 2013) (citing Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S. Ct. 585, 60 L. Ed. 987 (1916)). Luvata Grenada brings claims pursuant to the CISG, a United States treaty. The Fifth Circuit has held that the CISG "creates a private right of action in federal court." BP Oil Intern., Ltd. v. Empresa Estatal Petroleos de Ecuador, 332 F.3d 333, 336 (5th Cir. 2003) (citation and quotation omitted). Thus, federal law creates the causes of action that Luvata Grenada asserts under the CISG.

Defendants argue, however, that as a factual matter, the CISG does not apply and cannot serve as a basis for the Court's subject matter jurisdiction. The treaty applies to contracts for the sale of goods made between parties who maintain their places of business in different countries that have ratified the CISG, so long as the parties have not chosen to exclude the treaty's

---

[3] Luvata Grenada has also urged that the Court possesses supplemental jurisdiction over the related state law claims, as they form part of the same case or controversy as the federal claims. See 28 U.S.C. 1367. Defendants do not dispute that the claims are related for purposes of supplemental jurisdiction, but simply argue that this case does not arise under federal law and that there is no basis for federal question jurisdiction.

application. CISG art. 1(1)(a). It is undisputed that both the United States and Mexico have ratified the CISG. Defendants contend, however, that the only parties to the transactions at issue here were two Mexican corporations, Luvata Mexico and Danfoss Mexico, and that there is accordingly no international contract to be governed by the CISG. In sum, Defendants argue that no federal cause of action exists.

The Fifth Circuit has cautioned that "as a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action." Williamson v. Tucker, 645 F.2d 404, 416 (5th Cir. 1981). In other words:

> [w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.

Id. at 414. This means that "where the statute provides both the basis of federal court subject matter jurisdiction and the cause of action[,]" the jurisdictional question and the merits of the action will normally be so intertwined that the case should not be dismissed for lack of subject matter jurisdiction. Clark, 798 F.2d at 742-43 (holding that whether plaintiff was employee for purposes of Title VII was appropriately viewed as a merits question); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 516, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (holding that whether company had fifteen employees and was therefore an employer within the meaning of Title VII was a merits-based inquiry); Montez v. Dep't of Navy, 392 F.3d 147, 150-51 (5th Cir. 2004) (reversing district court for resolving, at the jurisdictional stage, question of whether naval employee was acting within scope of employment for purposes of Federal Tort Claims Act immunity); Williamson, 645 F.3d at 416-17 (holding that question of whether plaintiffs' joint

venture interests were securities to support cause of action under the Securities Act of 1933 was a merits determination).

Defendants here object to the Court's jurisdiction by arguing that there is no international contract, which turns solely on the issue of whether Luvata Grenada was a party to the sales transactions. However, while such an international contract is, in one sense, a condition to the CISG's applicability, it is more fundamentally an element of relief to be proven on Luvata Grenada's claims that are allegedly governed by the CISG. See CISG art. 1(1)(a). Thus, the Defendants' argument that the CISG does not apply is appropriately viewed as an attack on the merits of Luvata Grenada's claims and not an attack on the Court's jurisdiction.

Because federal law unquestionably creates the causes of action asserted under the CISG, the Court possesses the jurisdiction to determine whether such causes are meritorious. Consequently, the Court finds dismissal on the basis of Rule 12(b)(1) to be unwarranted.

*Personal Jurisdiction*

For a federal court to possess personal jurisdiction over a defendant, one of several provisions set forth in Federal Rule of Civil Procedure 4(k) must be satisfied. See Point Landing, Inc. v. Omni Capital Intern., Ltd., 795 F.2d 415, 419 (5th Cir. 1986), aff'd, Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). The provision at issue here provides for personal jurisdiction upon service of a defendant "who is subject to the jurisdiction of a court . . . in the state where the district court is located." FED. R. CIV. P. 4(k)(1). As the Fifth Circuit has explained, this means that personal jurisdiction is appropriate when "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." McFadin, 587 F.3d at 759. Because the personal jurisdiction

inquiry here is resolved through the Fourteenth Amendment analysis, the Court need not address whether Mississippi's long-arm statute is satisfied.

In complying with the strictures of the Due Process Clause, the Court may only exercise personal jurisdiction over a non-resident defendant if "(1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with that state; and (2) the exercise of personal jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo., 615 F.3d 364, 367 (5th Cir. 2010) (citation and quotation omitted).

The first step in the analysis—assessing the defendant's contacts—is a fact intensive determination. McFadin, 587 F.3d at 759 (citing Luv N'care, 438 F.3d at 470). The "touchstone" of the minimum contacts inquiry "is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court'" in the forum-state. Id. Contacts that are "[r]andom, fortuitous, or attenuated . . . are not sufficient to establish jurisdiction." Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 312 (5th Cir. 2007).

There are two avenues to establishing the requisite minimum contacts. Choice Healthcare, 615 F.3d at 367. Where the defendant maintains "continuous and systematic general business contacts" with the forum state, the Court possesses "general" jurisdiction such that it is empowered to adjudicate any action against that defendant. Id. at 368 (quoting Luv N'care, 438 F.3d at 469). The Court may alternately exercise "specific" jurisdiction over a particular claim or over particular claims where a defendant's contacts are less extensive so long as the "nonresident defendant has purposely directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." Id. (quoting Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 243 (5th Cir. 2008)). Luvata Grenada

asserts only specific jurisdiction, contending that its claims arise from or relate to Danfoss Mexico's alleged contacts with Mississippi.

It is undeniable that the majority of the business activity with regard to the RDs at issue did not take place in Mississippi. The price quotes for the RDs were provided by Bruce Busby of Danfoss US from Baltimore, Maryland to Robert Martin of Luvata Mexico, which is stationed in Ciudad Juárez, Mexico. The RDs were manufactured by Danfoss Mexico in Mexico and shipped to Luvata Mexico in Mexico, where they were incorporated into refrigerator coils.

Even so, Luvata Grenada asserts that it was a party to the sales transactions. Supporting this notion are the facts that purchase orders were generated from Luvata Grenada's system on Luvata Grenada letterhead, Danfoss Mexico sent invoices requesting payment for the RDs to Luvata Grenada in Mississippi, and Luvata Grenada allegedly remitted payment to Danfoss Mexico. Assuming *arguendo*, however, that the allegations support the existence of a contractual relationship between Luvata Grenada and Danfoss Mexico, the Fifth Circuit has stated that "merely contracting with a resident of the forum state does not establish minimum contacts." Moncrief, 481 F.3d at 311 (citing Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999)). Additionally, as stated by the Fifth Circuit:

> this Court has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.

Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 344 (5th Cir. 2004) (citations omitted). Thus, Danfoss Mexico's asserted contractual relationship with and communications to a Mississippi entity are insufficient, without more, to satisfy the Due Process Clause.

8

Luvata Grenada also attaches significance to an interaction it had with Busby of Danfoss US, the individual who, on behalf of Danfoss Mexico, initially negotiated the product sales with Robert Martin of Luvata Mexico. According to the declaration of Luvata Grenada's Director of Purchasing, Jimmy Hood, Busby visited Luvata Grenada in the summer or fall of 2012 and "made [Luvata Grenada] aware that he was responsible for [its] account." There are, however, no contentions that this statement allegedly made by Busby bore any relation to the RDs at issue here. In fact, Busby has averred that his only visit to Luvata Grenada during that time frame occurred on November 6 and that its purpose was entirely unrelated to the RDs at issue in this case.[4] Indeed, this meeting took place more than two months after the initial negotiations over the purchase of RDs between Busby and Martin. Without some allegation connecting Busby's November visit to the transactions giving rise to this lawsuit, the Court finds this visit to be irrelevant to the specific jurisdiction inquiry. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 275 (5th Cir. 2006) (explaining that absent the presence of general jurisdiction, "the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts").

Moreover, even if the Court were presented with allegations that Busby had traveled to Mississippi for the purpose of negotiating terms of the specific transactions at issue, the Fifth Circuit has held that such a visit is insufficient to establish the requisite minimum contacts. See Moncrief, 481 F.3d at 313 (holding that visit by nonresident defendant's executive to the forum state to plan and negotiate, at the invitation of plaintiff, did not give rise to jurisdiction because the defendant did not regularly transact business in the forum state and because most of the negotiations took place outside the forum state).

---

[4] Busby stated that "[t]he purpose of the visit was to introduce John Groth of Danfoss US to various Luvata Grenada personnel because Groth was taking over as the Danfoss US sales contact for Luvata Grenada's purchases from Danfoss US."

In essence, Luvata Grenada attempts to predicate personal jurisdiction over Danfoss Mexico on the existence of an alleged contractual relationship in which products were to be designed and manufactured in Mexico and shipped from one location in Mexico to another location in Mexico. Though Luvata Grenada, a Mississippi entity, may have played some limited role in the execution of the transactions, it cannot be said that Danfoss Mexico's connection to Mississippi, if any, is more than fortuitous. See id. at 312 (explaining that jurisdiction may not be exercised on the mere fortuity that a contracting party happens to reside in the forum state).

It is worth noting that Luvata Grenada has alleged, in addition to its contractual claims, tort claims of negligent design and negligent misrepresentation. In the context of minimum contacts arising from or relating to tort claims, the Fifth Circuit has stated that "[e]ven an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." Guidry v. U.S. Tobacco Co., 188 F.3d 619, 628 (5th Cir. 1999).

This basis for jurisdiction, termed "effects jurisdiction," is, however, rarely applicable. Moncrief, 481 F.3d at 315. Indeed, effects jurisdiction usually applies in the context of alleged intentional torts. See Allred v. Moore & Peterson, 117 F.3d 278, 286 (5th Cir. 1997). And even where an intentional tort is alleged, the Fifth Circuit has found jurisdiction lacking when the substance of the claim had no connection to the forum state apart from the fact that the plaintiffs resided there. Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 869-70 (5th Cir. 2001). Here, Luvata Grenada pursues only negligent torts, and the alleged conduct giving rise to such torts took place outside of Mississippi. The only connection between the tort theories

pled and Mississippi is the fact that Luvata Grenada resides here. Hence, the Court finds effects jurisdiction to be inapposite.

Luvata Grenada has failed to make a *prima facie* showing that Danfoss Mexico possesses minimum contacts with Mississippi, and thus, the Court need not address whether an exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. Moncrief, 481 F.3d at 314-15. Resolving all disputed facts in favor of jurisdiction, the Court finds that Danfoss Mexico did not, for purposes of contract or tort, purposely avail itself of the laws of Mississippi. Consequently, Luvata Grenada has failed to demonstrate the Court's jurisdiction over Danfoss Mexico.[5] Dismissal of Danfoss Mexico under Rule 12(b)(2) is appropriate.[6]

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Jurisdiction [12] is GRANTED IN PART and DENIED IN PART. The Court finds that Danfoss Mexico has not purposely availed itself of Mississippi's laws, is not subject to the jurisdiction of this Court, and is hereby dismissed as a Defendant to this lawsuit. However, the Court retains federal question and supplemental subject matter jurisdiction over Luvata Grenada's remaining claims. Dismissal

---

[5] In its response, Luvata Grenada alternately requests discovery on the issue of jurisdiction. Under the District's Local Uniform Civil Rules, this request for jurisdictional discovery is not a proper application for relief. See L.U.Civ.R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."); L.U.Civ.R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response."). Further, even were the request appropriately before the Court, Luvata Grenada would not be entitled to jurisdictional discovery, as it has not demonstrated "how the discovery . . . requested would change the jurisdictional determination." Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 434 (5th Cir. 2014).

[6] Defendants urge that the decision to dismiss Danfoss Mexico means that only state-law claims remain and that the Court is required to dismiss the case for lack of subject matter jurisdiction. However, Luvata Grenada has not specifically confined its allegations of liability under the CISG to Danfoss Mexico, the dismissed Defendant. As explained above, to the extent that Luvata Grenada may have failed to allege or may be unable to prove facts that support recovery under the CISG as to the remaining Defendant Danfoss US, these questions are not jurisdictional, but are instead appropriately reserved for the merits portion of the litigation. See Arbaugh, 546 U.S. at 516, 126 S. Ct. 1235; Williamson, 645 F.2d at 416.

11

of the entire case is, therefore, premature at this juncture. A separate order to that effect shall issue this day.

SO ORDERED, this 2nd day of June, 2015.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**